# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE LYNN OLIN, | : | CIVIL NO.: 1:14-CV-00925 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| COUNTY OF NORTHUMBERLAND, *et al.*, | : | |
| Defendants. | : | |

## ORDER
November 4, 2016

Upon consideration of the moving defendants' motion (*doc. 28*) for summary judgment, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that their motion is **GRANTED** in its entirety. The only remaining defendant in this litigation is Holly Olvany, and the only surviving claims against her are: (1) an Eighth Amendment claim of excessive use of force, (2) a state law claim of assault and battery, and (3) another state law claim of intentional infliction of emotional distress.[1]

---

[1] As noted in the accompanying memorandum, it is unclear to the Court whether the complaint also raises a conditions of confinement claim under the Eighth Amendment. *Compare* doc. 1 at ¶¶ 25-27 (alleging that Commander Wheary froze her money account and blocked visits by non-inmates, and further alleging that Warden Johnson, along with Commander Wheary, ordered that she be placed in "Max" and that all of her clothing and possessions be confiscated) *with id.* at ¶¶ 44-45 (claiming that the "acts of NCP officers," in freezing her money account,

Having disposed of the defendants' motion for summary judgment, and seeing that the dispositive motions deadline in this case has expired (*see doc. 26* (keeping, in effect, the April 16, 2016, dispositive motions deadline)), **IT IS FURTHER ORDERED** that a telephone conference is scheduled for **November 18, 2016, at 10:00 a.m.**, to discuss the status of this case.  Counsel for the **plaintiff** shall initiate the call, ensuring that all parties are on the telephone line before contacting Chambers at (717) 221-3980.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

preventing outside visitors, and confiscating her papers and clothes, were acts done in violation of the Eighth Amendment).  Because, however, neither party addressed these allegations in their briefing of the present motion for summary judgment, the Court also refrained from addressing these allegations.